# CADWALADER

Cadwalader, Wickersham & Taft LLP
One World Financial Center, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

New York  London  Charlotte  Washington
Houston  Beijing  Hong Kong  Brussels

February 13, 2014

The Honorable J. Paul Oetken
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2101
New York, NY 10007

Re:  *Wells Fargo Bank, N.A., as Trustee v. Bank of America, N.A.*, 1:10-cv-9584 (JPO)

Dear Judge Oetken:

This firm represents defendant Bank of America in the above-referenced action.[1]  We write regarding the Opinion and Order issued by the Court on February 6, 2014 (the "Order"), in which the Court, among other things, ordered Bank of America to "inform the Court whether it prefers to conduct discovery on the $2.2 million in sale price credits or waives the issue." Order [Dkt. # 128], at 9.  Bank of America has elected not to pursue discovery on the $2.2 million in real estate tax credits and "due diligence waiver" credits that Plaintiff improperly granted to the Purchaser of the Properties in 2012, so that the Court can render a final, appealable judgment that will stop additional prejudgment interest from accruing.

In that regard, Bank of America also respectfully requests clarification regarding how damages will be calculated in this action in light of the Court's statement that: "Wells Fargo is entitled to the purchase price as of August 24, 2009, plus statutory prejudgment interest from that date, plus costs of mitigation and servicing between the date of the repurchase demand and the date of judgment, less *unapplied* income from the loans and the properties between the date of the repurchase demand and the date of judgment." Order [Dkt. # 128], at 9 (emphasis added).  Respectfully, the Court's formulation leaves at least two important calculation issues unresolved.  First, the Court's formulation could be construed—incorrectly, in our view—so as not to provide Bank of America with any credit or offset for the sale of the Properties in 2012, which generated net proceeds of over $16 million (of which more than $5 million was not used to pay contract interest or other Purchase Price elements).[2]  Second, assuming that Bank of

---

[1]  Capitalized terms not defined herein shall have the meaning set forth in Bank of America's letter to the Court dated June 28, 2013 (the "June 28 Letter") [Dkt. # 107].

[2]  The proceeds from the sale of the Properties were applied to, among other things, principal and interest advances for the time period from July 2009 to August 2012, servicing advances, and a large principal repayment.  *See* Plaintiff's June 14, 2013 Purchase Price Calculation [Dkt. # 105-1], at 2.

Gregory A. Markel  Tel +1 212 504 6112  Fax +1 212 504 6666  gregory.markel@cwt.com

CADWALADER

The Honorable J. Paul Oetken
February 13, 2014

America is entitled to such a credit or offset, the Court's formulation does not specify *when* that credit or offset should be applied for purposes of calculating prejudgment interest. We address both issues below.

It is undisputed that Bank of America is entitled to a credit against the purchase price calculation for the net proceeds of the sale of the Properties. The evidence unequivocally demonstrates that those proceeds reduced the outstanding principal balance of the Surrey Loan by over $5 million in 2012. *See* Tab 85 to Plaintiff's June 14 Purchase Price Calculation [Dkt. # 105-86], at CIII-ESI00184273-75. Indeed, even Plaintiff's June 14, 2013 Purchase Price Calculation includes a credit or offset for the proceeds from the sale of the Properties. *See* Plaintiff's June 14, 2013 Purchase Price Calculation [Dkt. # 105-1], at 1-2.[3]

With respect to when the credit should be applied for purposes of calculating prejudgment interest, fairness and logic dictate that Plaintiff is not entitled to prejudgment interest on the total principal balance of the Surrey Loan as of August 2009 for the entire time period from August 2009 to the present because the principal balance of the Surrey Loan unquestionably decreased by over $5 million in 2012 when the Properties were sold.[4] At most, prejudgment interest should be calculated on the principal balance of the Surrey Loan as of August 2009 from August 2009 to July 2012 (when the last of the Properties were sold), and then on the principal balance reduced by proceeds of sale from July 2012 to the present. Allowing Plaintiff to recover prejudgment interest on the entire August 2009 principal balance for the entire time period at issue would not accurately reflect the economics of the Surrey Loan, and would result in a windfall for Plaintiff.

---

[3] The definition of the term "Purchase Price" in the PSA requires that Bank of America receive a credit or offset for the sale of the Properties. Under the PSA, the calculation of the "Purchase Price" of the Surrey Loan starts with "a price equal to the unpaid principal balance of the [Surrey Loan] as of the date of purchase . . ." *See* Ex. 1, at 67. Here, the "date of purchase" will be the date of judgment, and Plaintiff concedes that the current unpaid principal balance of the Surrey Loan is $31,478,525.39 (which reflects the fact that more than $5 million in proceeds from the sale of the Properties were used to pay down the principal balance of the Surrey Loan in June/July 2012).

[4] While Plaintiff submitted a letter to the Court on September 9, 2013 in which it asserted that "the balance of the Loan in August 2009 was $38,689,753.48" [Dkt. # 123], Plaintiff failed to provide any evidentiary support whatsoever for that assertion. The Loan History submitted by Plaintiff in support of its Purchase Price Calculation indicates that the "current balance" of the Loan in August 2009 was actually $37,179,141.00, not $38,689,753.48. *See* Tab 85 to Plaintiff's June 14, 2013 Purchase Price Calculation [Dkt. # 105-86], at CIII-ESI00184280.

CADWALADER

The Honorable J. Paul Oetken
February 13, 2014

Finally, we feel compelled to note for the Court that if Plaintiff is permitted to recover prejudgment interest at the 9% rate provided by N.Y. CPLR § 5004 on the August 2009 principal balance of the Surrey Loan for the entire time period at issue, that will result in Plaintiff obtaining prejudgment interest of approximately $15 million, in addition to the $10 million in contract interest that Plaintiff has and will recover for exactly the same time period.[5] Allowing Plaintiff to recover what amounts to 15% interest (*i.e.*, receiving both 6% contract interest and 9% prejudgment interest) on the full August 2009 principal balance of the Surrey Loan for a time period spanning approximately four-and-a-half years is, we believe, unjustified and unfair, and respectfully, we believe inconsistent with the relevant contracts and the law.

Solely for purposes of this letter, and assuming (consistent with this Court's prior orders) that Plaintiff is entitled to the Purchase Price of the Surrey Loan, together with both contract interest and prejudgment interest for the entire period dating back to August 2009, Bank of America submits that the judgment should reflect damages of approximately $48 million.[6] This total can be derived by adding Plaintiff's June 14, 2013 Purchase Price Calculation (approximately $32.7 million), accrued and unpaid contract interest at 6% for the time period from July 1, 2013 to present (approximately $1.2 million, in addition to the $8.8 million in contract interest that Plaintiff has already sought or recovered), and prejudgment interest at 9% from August 2009 to present (approximately $14.1 million).

Respectfully submitted,

/s/ Gregory A. Markel  /GB
Gregory A. Markel

cc:   Gregory A. Cross, Esq.
      Colleen M. Mallon, Esq.

---

[5] There is no dispute that Plaintiff has already recovered more than $7 million in contract interest since the date of its repurchase demand (*see* Plaintiff's June 14, 2013 Purchase Price Calculation [Dkt. # 105-1] at 2), and based on Plaintiff's most recent Purchase Price Calculation Bank of America anticipates that Plaintiff will seek an additional $3 million in accrued and unpaid contract interest in the judgment.

[6] Bank of America, respectfully, is not waiving its rights to appeal the findings of this Court's prior orders.