UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                         :

WELLS FARGO BANK, N.A., as Trustee for the :
Registered Holders of Banc of America        :
Commercial Mortgage Pass-Through Certificates, :
Series 2007-5, acting by and through its Special  :
Servicer C-III ASSET MANAGEMENT, INC.,  :         10 Civ. 9584 (JPO)
                               Plaintiff,  :
                                               :         ORDER
                        -v-                   :
                                               :
BANK OF AMERICA, N.A.,                    :
                               Defendant.  :
                                               :
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Bank of America filed a letter February 13, 2014 indicating that it no longer contests the $2.2 million in sale price credits and raising three additional issues. (Dkt. No. 129.) First, Bank of America asks whether it will receive credit for the sale of the loan properties in 2012. Second, Bank of America asks when that credit will be applied for purposes of calculating prejudgment interest. Finally, Bank of America objects to the fact that Wells Fargo will receive prejudgment interest plus contract interest for the period from August 2009, when Wells Fargo made its repurchase demand, through final judgment. Wells Fargo has not filed a response.

      The Court will calculate damages in this case as "the purchase price as of August 24, 2009, plus statutory prejudgment interest from that date, plus costs of mitigation and servicing between the date of the repurchase demand and the date of judgment, less unapplied income from the loans and the properties between the date of the repurchase demand and the date of judgment." (Dkt. No. 128 at 9.) The Court will take Bank of America's last concern first: Wells Fargo is not receiving contract interest from the date of the repurchase demand through the date

of final judgment. The Court awarded Wells Fargo the purchase price as of August 24, 2009. This is a fixed amount. The Court will not calculate damages based on the purchase price as of a later date, and therefore, references to contract interest included in a calculation of the purchase price as of June 14, 2013 are irrelevant.

The Court intended that "income" from the properties include all money that Wells Fargo received from the properties, including the sale price. "Unapplied income" means income that Wells Fargo kept for itself rather than paying it toward maintenance of the properties or costs associated with the outstanding loan. Because prejudgment interest functions to compensate a party for lost use of money it is owed, Wells Fargo is not entitled to prejudgment interest on any amount of money that it had already recovered. Bank of America is correct that, whenever the properties generated income (including the sale price) that Wells Fargo was not forced to pay toward property maintenance or loan costs, the balance that was accruing prejudgment interest should be correspondingly lowered.

The parties are directed to meet and confer on a proposed final judgment within two weeks. If the parties cannot agree on a final judgment, Wells Fargo shall submit its proposed judgment by March 19, 2014, and Bank of America may respond with its own proposed judgment by March 26, 2014.

SO ORDERED.

Dated: New York, New York
       March 5, 2014

_____
J. PAUL OETKEN
United States District Judge